REGAN, Judge.
Plaintiff, Richard C. Hanson, lessee, instituted this suit against defendants, Mrs. Dora Beeks Stavrakas, lessor, and Claude H. Smith, her rental agent, under Section 205 of the Housing and Rent Act of 1947, as amended by the Act of March 30, 1949, 50 U.S.C.A.Appendix, § 1895, endeavoring to recover as liquidated damages, three times the overcharge of $2.50 per week for rent paid from October 15, 1950 up to and including July 21, 1951, representing 40 weeks, or a total of $300 plus reasonable attorneys’ fees.
Defendants pleaded the exceptions of no cause or right of action which were overruled and then answered generally denying the pertinent allegations of plaintiff’s petition.
. The trial court rendered judgment in favor of the plaintiff in the sum of $100 which represented the simple- overcharge in excess of the established rent ifor approximately 40 weeks plus $150 attorneys’ fees. From this judgment defendants have pros *8 ecuted this appeal. Plaintiff has answered the appeal requesting that the principal judgment be increased to $300 and that the sum awarded for attorneys’ fees be increased to $500 and in all other respects the judgment be affirmed.
The record reveals that the property bearing municipal number 1825 Terpsichore Street, located in the City of New Orleans, containing several apartments, was owned by defendant, Mrs. Stavrakas, and was managed by Claude Smith, rental agent. Prior to defendants’ rental of the unit to plaintiff on October 15, 1950, its accommodations consisted of two rooms and the maximum rent value thereof was established at $7.50 per week effective as of April 1, 1949, in conformity with the provisions of the Rent Control Act of 1947.
Smith testified that on or about October 15, 1950, in negotiating with the plaintiff’s wife for the rental of the unit, it was mutually agreed that upon the payment of $7.50 per week plus the sum of $2.50 per week, plaintiff and his wife would have the additional benefit of a large room immediately adjoining the apartment, which was not private as it contained a staircase affording ingress and egress to the upper apartment; despite the lack of privacy, she desired the use thereof for the location of a washing machine, storing of children’s toys and to house the dog.
Plaintiff denies that when he rented the apartment either he or his wife requested the use of this “room” or “hall” and would pay therefor the sum of $2.50 per week, although he admits that the initial negotiations relative to the rental of the apartment were conducted by his wife with the defendant Smith. Plaintiff’s wife, although available, was not called as a witness to substantiate her husband’s testimony which was in conflict with that of Smith.
The sum of $10 per week was consistently paid by plaintiff and receipts issued therefor by defendants from October 15, 1950 up to and including July 21, 1951, on which date plaintiff, after inquiry, was informed by the Office of the Housing Expediter, New Orleans Defense Rental Area that the maximum rent was $7.50 per week. Thereafter, while plaintiff remained an occupant of the apartment, he only paid the sum of $7.50 per week and, of course, the usual dissension ensued between landlord and tenant which was so characteristic in the heyday of that era. Both parties in August of 1951 secured the services of counsel and defendants’ attorney discovered that the unit which defendants insist is now a three rather than a two room apartment had never actually been registered. Being forewarned of impending litigation, on or about September 5, 1951, defendants, counsel registered this apartment with the Office of the Housing Expediter as a three-room housing unit rented at $10 per week.
In resisting plaintiff’s claim for the rent overcharge, defendants point out that at the time the unit was leased to plaintiff it had become a three-room rather than a two-room dwelling, which was formally registered and brought to the attention of the Office of the Housing Expediter on September 5, 1951, which was about 11 months after the date (October 15, 1950) that plaintiff had rented the apartment from defendants.
Smith, the rental agent, testified that on October 15, 1950, the same day that he rented the apartment to plaintiff, he visited the Office of the Housing Expediter and informed a member of its personnel, whose name he did not remember, of renting this new unit to plaintiff and that he wanted to secure permission to charge $2.50 per week for this extra room. He insisted that he was advised that since Mrs. Stavrakas was converting a large apartment contained in the same property into two smaller apartments, he should wait until this conversion was completed at which time the office would establish a maximum rent for all of the newly created units. Smith stated that subsequently Mr. de Reyna assumed the obligation of rental agent for the property and thereafter he did not pursue the registration further, presumably because he expected de Reyna to register the dwelling. This testimony was elicited as one of the reasons for the unusual delay in registering the unit.
On October 11, 1951, plaintiff filed this suit against defendants for the rent over- *9 ¿barge. 0n or about February 15, 1952, Mrs. Stavrakas was advised by letter addressed to her from the .Office of the Housing Expediter that her registration of the unit dated September 5, 1951, as a three-room unit renting for $10 per week after inspection by its investigator had been rejected as a three-room unit.
Defendants contend that the arbitrary rejection of the registration of the property dated September 5, 1951, and rented for $10 per week from October 15, 1950 through July 21, 1951, without notice or an opportunity to show justification for the belated registration together with the increased rental value of the unit at a hearing where both parties could present their respective version of the facts, is in direct contravention of law and the regulations emanating therefrom.
We would subscribe to this conclusion in view of the recent decision in United States v. McCrillis, 1 Cir., 200 F.2d 884, which holds (syllabus) that “administrative proceeding before Area Rent Director to fix maximum rent under rent regulation was quasi-judicial in character, and under requirements of procedural due process there was required to be notice to affected parties and an opportunity to be heard”, however, the defendants in this case inadvertently violated both the letter and the spirit of the Housing and Rent Act of 1947 in failing to register the so-called new unit within 30 or 45 days after leasing it to plaintiff, the period prescribed by the act. As we have related heretofore the defendants did not register this unit until 11 months after the apartment had been rented to the plaintiff and about one month and a half after the rental dispute arose between plaintiff and defendants. If defendants had registered this dwelling within the period of time prescribed by the statute and it had been rejected by the Housing Expediter without the benefit of a hearing at which both parties could present their respective version of the facts, we would then be prepared to say that this was in'direct contravention of the existing act, the regulations and the decisions emanating therefrom.
Since we find ourselves unable to subscribe to the defense hereinabove discussed and in view of the fact that plaintiff insists that he is entitled to treble damages as a result of the overcharge, the only question posed for our consideration is one of fact and that is, was the violation wilful or the result of failure to take practical precautions against the occurrence of the overcharge ?
The trial judge obviously resolved the answer to this question in favor of defendants for the reason that he allowed plaintiff to recover the simple overcharge of $2.50 per week for 40 weeks which was the amount in excess of the established rent of $7.50 per week and our careful examination of the record fails to disclose any error in his conclusion.
We áre also of the opinion that the trial judge was correct in awarding attorneys’ fees of $150 which we consider reasonable and adequate in view of the services performed by plaintiff’s attorney.
' For the reasons assigned the judgment appealed from is affirmed.
Affirmed.